IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| JUAN ANDRADE RIVAS,<br><br>Petitioner<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents | ) 1:23-CV-00196-RAL<br>)<br>)<br>) RICHARD A. LANZILLO<br>) Chief United States Magistrate Judge<br>)<br>)<br>) MEMORANDUM OPINION ON<br>) PETITION FOR WRIT OF HABEAS<br>) CORPUS<br>)<br>) ECF No. 5<br>) |

I.      Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Juan Andrade Rivas (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 5. Petitioner contends that the Bureau of Prisons (BOP), the agency responsible for implementing and applying federal law concerning the computation of federal sentences, erred in computing his sentence. For the following reasons, the Court will deny Petitioner's § 2241 petition.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

II.    Background

On May 18, 2018, members of a Homeland Security task force and the Dallas, Texas Police Department encountered Petitioner during a traffic stop and determined that he was in the country illegally. ECF No. 10-3 ¶ 3. Petitioner was taken into primary federal custody at that time. *Id.*

On June 15, 2018, Petitioner was transferred from the custody of Immigration and Customs Enforcement to the custody of the United States Marshals Service. *Id.* ¶ 4. Around that same time, Petitioner was indicted in the United States District Court for the Northern District of Texas in Case No. 3:18-CR-285-N(1) on charges of Illegal Reentry After Removal from the United States. *Id.* ¶ 5. On August 18, 2018, the same District Court indicted Petitioner in Case No. 3:18-CR-288-S-3 regarding a robbery that took place on May 16, 2018. *Id.* ¶ 6.

On August 5, 2019, that Court sentenced Petitioner to time served on the illegal reentry charge. *Id.* ¶ 7. That sentence credited Petitioner with the time that he spent in custody from May 18, 2018, though August 4, 2019. *Id.* Petitioner remained in federal custody pending the outcome of the robbery case. *Id.*

On September 2, 2020, the District Court sentenced Petitioner to 30 months incarceration for Interference with Commerce by Robbery and 60 months incarceration for Using and Carrying a Firearm During and in Relation to and Possessing a Firearm in Furtherance of a Crime of Violence in Case No. 3:18-CR-288-S-3. *Id.* ¶ 8. The Court ordered the counts to run consecutively with each other for a total aggregate sentence of 90 months. *Id.* The Court further ordered the sentence

to run consecutive to any sentence imposed in a pending state court case in Dallas County Criminal Court 7. *Id.* The Court credited Petitioner with prior custody credit for the time served between August 6, 2019, the day after his time-served sentence expired in the illegal reentry case, and September 1, 2020, the day prior to his sentencing. *Id.* ¶ 12. The Court did not credit any time served prior to August 6, 2019, because that time had already been credited in the illegal reentry case. *Id.* ¶¶ 11-12.

The instant petition for writ of habeas corpus,[2] filed pursuant to 28 U.S.C. § 2241, challenges the BOP's calculation of his federal release date. Petitioner contends that the BOP failed to award him prior credit for the time that he spent in custody between October 2018 and August 2019. *See* ECF No. 5. This matter is fully briefed and ripe for adjudication.

III.    Analysis

For federal prisoners, 28 U.S.C. § 2241 confers habeas jurisdiction over an inmate's challenge to the execution – as opposed to the validity – of his sentence. *Cardona v. Bledsoe*, 681 F.3d 533,535 (3d Cir. 2012). Two types of claims may ordinarily be litigated in a § 2241 proceeding. First, a prisoner may challenge conduct undertaken by the Federal Bureau of Prisons (the "BOP") that affects the duration of his custody. For example, a prisoner can challenge the BOP's computation of his federal sentence, *see, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990), or

---

[2] Under § 2241, district courts have authority to grant habeas corpus "within their respective jurisdictions." Petitioner is confined at FCI McKean, which is located within the territorial boundaries of the Western District of Pennsylvania.

3

the constitutionality of a BOP disciplinary action that resulted in the loss of good conduct sentencing credits, *Queen v. Miner*, 530 F.3d 253, 254 n.2 (3d Cir. 2008). Secondly, a prisoner can challenge BOP conduct that "conflict[s] with express statements in the applicable sentencing judgment." *Cardona*, 681 F.3d at 536; *Woodall*, 432 F.3d at 243. Because the allegations in the instant habeas action challenge the BOP's computation of Petitioner's federal sentence, this Court has jurisdiction under § 2241 to consider Petitioner's claim.

To determine whether the BOP correctly computed an inmate's federal sentence, a reviewing court must separately determine: (1) the date on which Petitioner's federal sentence commenced, and (2) whether Petitioner was entitled to credit for time spent in custody prior to the commencement of his sentence. Each of these determinations is governed by 18 U.S.C. § 3585.

With respect to the commencement date, 18 U.S.C. § 3585(a) provides that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward: the BOP will simply designate the inmate to a federal detention facility and calculate the federal sentence to have commenced on the date it was imposed.

In the instant case, Petitioner was taken into the exclusive custody of federal authorities on May 18, 2018. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of

imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."). Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to receive credit for time served "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." *Id.* (emphasis added). The intent of the last clause of § 3585(b) is to prohibit an inmate from receiving double credit for his prior time in detention. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). Thus, the BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. *See, e.g., Vega v. United States*, 493 F.3d 310, 314 (3d Cir. 2007).

In the instant case, Petitioner received credit in Case No. 3:18-CR-285-N(1) for the time that he spent in federal custody between his arrest on May 18, 2018, and the conclusion of that sentence on August 5, 2019. Because he received credit against his illegal reentry sentence for that time, the BOP appropriately and correctly determined that he was not entitled to a credit against his robbery sentence in Case No. 3:18-CR-288-S-3 under § 3585(b). *Vega*, 493 F.3d at 314. His challenge to the BOP's calculation of his sentence will be dismissed.

IV.    Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus is denied.[3]  An appropriate order will follow.

Dated this 15th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[3] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).